State Court of Fulton County
**E-FILED**
21EV005292
9/3/2021 4:44 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CUHRAN PACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIIVL ACTION NO. _____ |
| | ) |
| WAL-MART STORES EAST, LP, DBA | ) |
| WAL-MART STORES, INC., | ) |
| ABC CORPORATION; and | ) |
| JOHN DOES 1-2 | ) |
| | ) |
| | ) |
| Defendants. | ) DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW, Cuhran Packer, Plaintiff in the above-styled civil action, and shows the

Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Wal-Mart Stores East, LP, dba Wal-Mart Stores, Inc. (Defendant Wal-Mart

hereinafter), is a corporation organized and existing under the laws of the State of Delaware, it is

authorized to transact business in Georgia, it transacts business in Atlanta, Fulton County, Georgia,

at 1105 Research Center Drive, Atlanta, GA 30331, and is subject to the jurisdiction of this Court.

Defendant may be served with Summons and a copy of this Complaint by serving the registered

agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth

County, Georgia 30040.

1

Copy from re:SearchGA

3.

Venue is proper in the State Court of Fulton County pursuant to O.C.G.A. § 14-2-510(b)(3).

4.

Defendant Wal-Mart is subject to the jurisdiction of this Court as this is an action for damages because of torts, wrong, or injury done, the cause of action originated in Fulton County, and Defendant Wal-Mart maintains an office and transacts business in Fulton County, namely at 1105 Research Center Drive, Atlanta, GA 30331. (Hereinafter referred to as "Atlanta Store"). Venue is therefore proper pursuant to O.C.G.A. § 14-2-510(b)(3).

5.

Jurisdiction and venue are proper as to Defendant Wal-Mart.

6.

Defendant Wal-Mart has been properly served with process in this action.

7.

Defendant Wal-Mart has been timely served with process in this action.

8.

Defendant, ABC Corporation, is unknown and unidentified at this time.

9.

Defendant, John Does 1-2, is unknown and unidentified at this time. John Doe 1-2 is (are) an individual(s) that owned, managed, or controlled the premises where Plaintiff was injured as outlined below. The true names or capacities of the John Does 1-2 Defendant is presently unknown to Plaintiff, but it is believed to be another store manager and employee. Upon ascertaining the name of this Defendant, Plaintiff will amend the Complaint to show their true names. Plaintiff alleges on information and belief that these Defendants may in some manner be responsible for the acts or omissions alleged herein.

Copy from re:SearchGA

10.

Defendant Wal-Mart and John Does 1-2, are joint tortfeasors in this incident.

11.

Removal of this case to federal court is not appropriate. *See, e.g., Poll v. Deli Mmgt. Inc.,* No. 1:07-CV-0959-RWS, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007); *Stalvey v. Wal-Mart Stores East,* No. 510-CV-00206, 2010 WL4332439 (M.D. Ga. June 22, 2010*); Ott v. Wal-Mart Stores*, No. 5:09-CV-00215, 2010 U.S. Dist. LEXIS 13072 (M.D. Ga. Feb. 16, 2010); *Stephens v. Wal-Mart Stores East*, No. 5:09-cv-325, 2010 U.S. Dist. LEXIS 35506 (M.D. Ga. Apr. 12, 2010*); Mobley v. Wal-Mart Stores Inc*., No. 2:09-cv-3019, 2010 U.S. Dist. LEXIS 10783 (D.S.C. Feb 8, 2010); *Mack v. Wal-Mart Stores Inc.,* No. 1:07-cv-3105-RBH, 2007 U.S. Dist. LEXIS 79646 (D.S.C. Oct. 26, 2007). Inappropriate removals to federal court are subject to an award of fees. 28 U.S.C. §1447(c). An award of fees is appropriate when the removing party lacks an objectively reasonable basis for seeking removal. In this situation, an award of fees does not require a showing of bad faith. *Poll,* 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007).

## **FACTUAL ALLEGATIONS**

12.

On or about January 20, 2020, Plaintiff was an invitee at Defendant Wal-Mart for the purpose of shopping at Defendants' premises.

13.

On or about January 20, 2020, John Does 1-2 was (were) an agent, employee and/or servant of Defendant Wal-Mart and at all relevant times on said date was acting within the scope of his agency, employment, or service and under the authority or at the direction of Defendant Wal-Mart. Defendant Wal-Mart is liable to Plaintiff for all damages caused by Defendant John Does 1-2 under the doctrine of respondent superior or vicarious liability.

3

Copy from re:SearchGA

14.

As Plaintiff was having her car battery exchanged, she was severely injured after being struck by a car battery which slipped out of the back of a cart being handled by your insured agent's employee, causing left shin, left leg, left shoulder, and left back injuries.

15.

Plaintiff received injuries as a direct result of the car battery falling on her.

16.

Plaintiff had no actual knowledge or constructive knowledge of the dangerous condition on the Defendants' premises.

17.

Plaintiff was occupying an open area permitted to patrons of the facility at all relevant times while Plaintiff was an occupant of the store.

18.

At all times material hereto, Plaintiff exercised reasonable care for her safety.

## **NEGLIGENCE**

19.

Defendant and its employees failed to exercise reasonable care in failing to keep the Plaintiff safe on its premises.

4

Copy from re:SearchGA

20.

Defendants breached its duty owed to Plaintiff by failing to inspect its premises for dangerous conditions.

21.

Defendants were negligent in failing to properly train its employees in securing hazardous conditions, in failing to properly remove the hazard, in failing to take adequate measures to protect invitees safe.

22.

As a direct and proximate result of Defendants' negligent, careless, and reckless conduct, Plaintiff suffered severe bodily injuries including serious and permanent physical injuries, substantial and continuing pain, suffering, emotional pain and discomfort, both past and future, and medical expenses and lost wages, both past and future.

23.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

24.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate safety measures were performed on the premises, and in failing to train employees concerning safety procedures for inspection, cleaning and maintaining the premises.

25.

Defendants were negligent in training and supervising staff.

26.

Plaintiff lacked knowledge of the hazard despite her exercise of ordinary care.

Copy from re:SearchGA

27.

As a direct, sole, and proximate result of the recklessness, carelessness, negligence, of the Defendants, the Plaintiff:

(a)     suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life;

(b)     has undergone medical treatment, and incurred medical costs and expenses in excess of $49,042.11 to alleviate said injuries, pain, and suffering;

(c)     has been precluded from engaging in normal activities and pursuits, including the ability to earn money;

(d)     has lost wages;

(e)     otherwise was hurt, injured, and caused to sustain losses;

(f)     all of the Plaintiff's losses were, are, and will be due solely to and by reason of the recklessness, carelessness, negligence, and negligence *per se* of the Defendant, without any negligence or want of due care on the Plaintiff's part contributing thereto.

28.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense in requiring the filing of the instant lawsuit.  Pursuant to O.C.G.A. § 13-6-11 and 51-12-7, Plaintiff hereby respectfully requests and specifically pleads for recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of the Defendants' stubbornly litigious and bad faith conduct.

29.

Defendants are indebted to Plaintiff for past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; lost wages, expenses of litigation, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiff having set forth the facts and circumstances in support of his cause of action, respectfully requests to be GRANTED:

(a)     A trial by jury;

(b)     Compensatory damages in an amount to be determined at trial;

6

Copy from re:SearchGA

(c)     Punitive damages which is sufficient to unlock punitive damages without limit or

cap pursuant to O.C.G.A. § 51-12-5.1;

(d)     Expenses of litigation including reasonable attorney fees pursuant to O.C.G.A. § 9-

15-14 and O.C.G.A. § 13-6-11; and

(e)     Such other relief as this Court may deem fair and reasonable.

Respectfully submitted, September 3, 2021.

**MONGE & ASSOCIATES,**

***/s/ Rachel Deloach***
Rachel Deloach
Georgia Bar No. 144547
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(770) 741-0540
rachel@monge.lawyer

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005292
11/4/2021 9:13 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CUHRAN PACKER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action File No. |
| v. | * | 21EV005292 |
| | * | |
| WAL-MART STORES EAST, LP d/b/a | * | |
| WAL-MART STORES, INC., ABC | * | |
| CORPORATION, and JOHN DOES 1-2. | * | |
| | * | |
| | * | |
| Defendants. | * | |

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Wal-Mart Stores East, LP ("Walmart or WMSELP") and files this Answer and Defenses to Plaintiff's Complaint and shows the Court as follows:

### First Defense

Plaintiff's Complaint, taken as a whole, may fail to state a claim against one or more Defendant upon which relief may be granted.

### Second Defense

Walmart preserves defenses as to lack of personal jurisdiction and improper venue. Walmart shows that this case falls within the federal courts' diversity jurisdiction and venue is proper in the Northern District of Georgia, Atlanta Division. Walmart also shows it has been improperly named as WMSELP does not operate this store as a d/b/a of Walmart Stores Inc.

## Third Defense

Walmart shows that Plaintiff's allegations against a "John Doe" employee are non-specific and Defendant denies any claims against any individual employee and shows such claims would be unsupported by fact or law.

## Fourth Defense

Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's own actions.

## Fifth Defense

Walmart denies that it or its agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

## Sixth Defense

Plaintiff may not recover against Walmart because no act or omission of Walmart was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

## Seventh Defense

Walmart asserts the defenses of contributory and comparative negligence.

## Eighth Defense

Walmart breached no duty owed to Plaintiff.

## Ninth Defense

Defendant denies any and all allegations regarding failure to warn.

## Tenth Defense

Walmart denies any and all allegations regarding negligent hiring, retention, training or supervision.

**Eleventh Defense**

Plaintiff may not recover against Walmart due to Plaintiff's equal or superior knowledge of any condition which she alleges resulted in this event.

**Twelfth Defense**

Walmart denies any and all allegations regarding negligent inspection.

**Thirteenth Defense**

Walmart denies any and all allegations regarding failure to warn.

**Fourteenth Defense**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

**Fifteenth Defense**

Walmart asserts that fault must be apportioned to all at-fault parties in a manner consistent with Georgia law.

**Sixteenth Defense**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

**Seventeenth Defense**

While Walmart denies liability for punitive damages, Walmart asserts all proof and procedural requirements set forth in O.C.G.A. §51-12-5.1.

**Eighteenth Defense**

An award of punitive damages is prayed for in this case. Walmart shows that there will not be evidence sufficient to create a jury issue on punitive damages, but also shows any award

of punitive damages in this case would be unconstitutional and that the statutes allegedly

authorizing punitive damages are unconstitutional on their face and as applied.  The award of

punitive damages pursuant to O.C.G.A. §51-12-5.1 and the application of O.C.G.A. §51-12-5.1

in this case violates Amends. V and XIV of the United States Constitution and the Constitution

of the State of Georgia Art. I, §I, Paragraphs I, XVII and XVIII for the following reasons, among

others:

1.      The statute, and the court decisions interpreting this statute, fail to notify individuals of the nature of the offense for which they may be liable for punitive damages and they fail to limit the award of punitive damages to criminal or intentional behavior;

2.      The statute, and the court decisions interpreting this statute, fail to inform judges and juries of the nature of the offenses for which punitive damages can be awarded;

3.      The statute, and the court decisions interpreting this statute, fail to provide any standard or means of calculating the amount of punitive damages to be awarded;

4.      The statute, and the court decisions interpreting this statute, allow persons to be repeatedly put in jeopardy of paying for the same offense;

5.      To the extent the award of punitive damages is criminal or quasi-criminal in nature, such damages are awarded upon proof of  clear and convincing evidence and not proof beyond a reasonable doubt, contrary to due process of law;

6.      The statute, and the court decisions interpreting this statute, permit the award of excessive punitive damages without relation to the public safety, health or welfare said to be served by punitive damages.

## **Nineteenth Defense**

Walmart denies all allegations of bad faith, stubborn litigiousness, and unnecessary

trouble and expense.

## **Twentieth Defense**

Plaintiff is not entitled to punitive damages, exemplary damages, attorney's fees,

expenses, post-judgment interest or pre-judgment interest under the facts of this case. Further,

Walmart preserves all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law.

### Twenty-First Defense

Walmart reserves the right to assert all affirmative defenses available under the applicable rules of civil procedure.

### Twenty-Second Defense

In answer to the specific allegations of Plaintiffs' Complaint, Defendant shows the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Admitted.

2.  Defendant denies as pled because WMSELP does not do business as Walmart Stores

    Inc. does not d/b/a as Walmart Stores Inc. and is not a corporation as alleged.

3.  Denied as pled. Walmart incorporates its Second Defense.

4.  Denied as pled. Walmart incorporates its Second Defense.

5.  Denied as pled. Walmart incorporates its Second Defense.

6.  Admitted as to Defendant WMSELP.

7.  Admitted as to Defendant WMSELP.

8.  Denied as pled. Walmart incorporates its Second Defense.

9.  Denied. Walmart incorporates its Second Defense.

10. Denied. Walmart incorporates its Second Defense.

11. Denied.

### FACTUAL ALLEGATIONS

12. Defendant generally believes this allegation to be correct.

13. Denied as pled.

14. Denied as pled.

15. Walmart does not have sufficient information at this time to admit or deny the

allegations contained within Paragraph 15 of Plaintiff's Complaint, and places Plaintiff on strict proof of same. Walmart denies any allegations or implications of breach of duty, negligence, or liability.

16.     Denied.

17.     Admitted.

18.     Denied.

## **NEGLIGENCE**

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Walmart denies all allegations contained within Plaintiffs' prayer for relief.

31.     Walmart denies all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

**WALMART HEREBY DEMANDS TRIAL BY JURY REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Walmart prays that it be discharged with all costs cast against

Plaintiff.

Respectfully submitted, this 4th day of November, 2021.

**DREW ECKL & FARNHAM, LLP**

*s/ Douglas G. Smith, Jr.*

Hall F. McKinley, III
Georgia Bar No. 495512
Michael L. Miller
Georgia Bar No. 508011
Douglas G. Smith, Jr.
Georgia Bar No. 656005
*Attorneys for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
mckinleyh@deflaw.com
millerm@deflaw.com
smithdg@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a true and correct copy of the foregoing

***Answer and Defenses to Plaintiff's Complaint*** to the parties via e-mail and by filing with the

Court's electronic filing system, which automatically sends notice to the following counsel of

record:

Rachel Deloach
MONGE & ASSOCIATES
8205 Dunwoody Place, Bldg. 19
Atlanta, GA 30350
rachel@monge.lawyer

This 4th day of November, 2021.

**DREW ECKL & FARNHAM, LLP**

*/s Douglas G. Smith, Jr.*

_____

Douglas G. Smith, Jr.
Georgia Bar No. 656005

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-6147
smithdg@deflaw.com

12061857/1
05695-213865

State Court of Fulton County
**E-FILED**
21EV005292
9/3/2021 4:44 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CUHRAN PACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIIVL ACTION NO. _____ |
| | ) | |
| WAL-MART STORES EAST, LP, DBA | ) | |
| WAL-MART STORES, INC., | ) | |
| ABC CORPORATION; and | ) | |
| JOHN DOES 1-2 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WALMART, INC

COMES NOW Curhan Packer (hereinafter "Plaintiff") who pursuant to O.C.G.A. § 9-11-36 requests that Walmart, Inc. (hereinafter "Defendant") admit or deny the truth of the following statement with the time allowed by law and that it serve a copy of its responses hereto upon Monge & Associates, P.C., 8205 Dunwoody Place Building 19, Atlanta, GA. 30350 within forty-five (45) days of service.

1.

Please admit that the Defendant have been properly served with the Summons and Complaint as required by law.

2.

Please admit that this court has personal jurisdiction over the Defendant.

3.

Please admit that this court has subject-matter jurisdiction in this case.

4.

1

Copy from re:SearchGA

Please admit that venue is proper in this court.

5.

Please admit that the Defendant do not have any defense based on insufficiency of process or insufficiency of service of process.

6.

Please admit the incident giving rise to the subject action occurred on January 20, 2020.

7.

Please admit that Defendant is a proper party to this action.

8.

Please admit that the Defendant was negligent per se in causing the Plaintiff's subject injuries.

9.

Please admit that the Plaintiff was physically injured as a result of the incident.

10.

Please admit that you or someone on your behalf has obtained copies of the Plaintiff's medical records to show Plaintiff was physically injured in the incident.

11.

Please admit that you or someone on your behalf has conducted surveillance on the Plaintiff.

12.

Please admit that you or someone on your behalf has conducted a background check on the Plaintiff.

2

Copy from re:SearchGA

13.

Please admit that you or someone on your behalf gave a written or recorded statement to your insurance company before Plaintiff filed this action.

14.

Please admit that Defendant has no written report of the January 20, 2020 incident involving Plaintiff at the Walmart #3741 located at 1105 Research Center Drive, Atlanta, Fulton County, Georgia 30331.

15.

Please admit that Defendant has not preserved the video tape evidence of the January 20, 2020 incident involving Plaintiff at the Walmart #3741 located at 1105 Research Center Drive, Atlanta, Fulton County, Georgia 30331.

This the 2nd day of September 2021.

Respectfully submitted,

**MONGE & ASSOCIATES,**

*/s/ Rachel Deloach*
Rachel Deloach
Georgia Bar No. 144547
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(770) 741-0540
rachel@monge.lawyer

3

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005292
9/3/2021 4:44 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CUHRAN PACKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIIVL ACTION NO. _____** |
| | ) | |
| WAL-MART STORES EAST, LP, DBA | ) | |
| WAL-MART STORES, INC., | ) | |
| ABC CORPORATION; and | ) | |
| JOHN DOES 1-2 | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WALMART, INC.

COMES NOW, Cuhran Packer (hereinafter "Plaintiff") pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon Walmart, Inc. (hereinafter "Defendant"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if the Defendants obtains further or different information between the time responses are served and the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or

1

Copy from re:SearchGA

statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.     "Person" shall mean any natural person, corporation, partnership,   proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.     To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)     The title or other means of identification of each such document;

(b)     The date of each such document;

(c)     The author of each such document;

(d)     The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

(e)     The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

(f)     The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)     If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.     To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

Copy from re:SearchGA

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

<u>INTERROGATORIES</u>

1.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

a.      Was an eyewitness to the incident complained of in this action;

b.      Has some knowledge of any fact or circumstance upon which your defense is based;

c.      Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof

3.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises where the incident occurred on the date of the incident.

3

4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Have there been any incidents involving injuries at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident? If so, please state:

    a.       Date of the incident;

    b.       Name, address and telephone phone number of the injured person;

    c.       Description of the incident.

6.

Please state the identity of each person working on the premises with any duties for the area where the incident occurred on the date of this incident.

7.

Has any entity issued a policy of liability insurance to the Defendant? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

8.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

4

9.

Do you contend that the Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

10.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

11.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

12.

In regard to any document that has not been produced on grounds of privilege, please state the following:

a.      The date each document was generated;

b.      The person generating each document;

c.      The present custodian of each document;

d.      A description of each document.

13.

Please identify each and every person working for Defendant on the premises where this incident occurred on the day of the incident described in the Complaint, including the person's name, current address, current employer and telephone number.

5

Copy from re:SearchGA

14.

Have there ever been any complaints made about the area where this incident occurred?  If so, please state:

    a.       The date(s) of each complaint;

    b.       The person(s) making each complaint;

    c.       The nature of each complaint;

    d.       Any action taken as a result of each complaint.

15.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the car batter fell on the Plaintiff as described in the Complaint?  If so, state;

    a.       The indemnity of the contracting parties;

    b.       The address and telephone number of the contracting parties;

    c.       The duties of the contracting parties.

16.

Please identify each and every witness or employee in the vicinity of the area where the Plaintiff fell as a result of the battery falling onto her leg at the time of the incident.  In regard to each employee, please state:

    a.       The name of the person;

    b.       The address of each person;

    c.       The telephone number of each person;

    d.       The shift worked by each person if any employee;

    e.       The job duties and responsibilities of each person if an employee.

6

Copy from re:SearchGA

17.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

18.

Has there been any audits, inspections or evaluations of the shopping carts for defects for the past five years?

19.

Please identify and provide the following information for the cart where the car battery fell from described in the Complaint. Stating:

a.   The manufacturer and model of the shopping cart;

b.   The date of purchase of the shopping cart;

c.   The entity that performs routine maintenance of the shopping cart;

d.   How often routine maintenance is done to the shopping cart;

e.   Who was in charge of inspecting the shopping cart;

20.

Please identify and describe any conversations between Defendants or their agents, managers, employees, or representatives from the time of the incident to the present.

Copy from re:SearchGA

This the 2nd day of September 2021.

                                        **MONGE & ASSOCIATES,**


                                        ***/s/ Rachel Deloach***
                                        Rachel Deloach
                                        Georgia Bar No. 144547
                                        Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(770) 741-0540
rachel@monge.lawyer

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV005292
9/3/2021 4:44 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CUHRAN PACKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIIVL ACTION NO. _____ |
| | ) | |
| WAL-MART STORES EAST, LP, DBA | ) | |
| WAL-MART STORES, INC., | ) | |
| ABC CORPORATION; and | ) | |
| JOHN DOES 1-2 | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT WALMART, INC

Pursuant to O.C.G.A. § 9-11-34, Curhan Packer (hereinafter "Plaintiff") hereby requests that Walmart, Inc. (hereinafter "Defendant") produce and/or permit the Plaintiff to copy the requested documents. Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held. When used in the Request for Production of Documents, the identity "Defendant" or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for Defendant and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of Defendant.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information of the nature sought herein between the time that this Request is responded to and the time of the trial. These documents shall be produced to the Plaintiff at 10:00 a.m. on the first

1

Copy from re:SearchGA

business day following the 45th day after service of this Request, unless other arrangements are made between the parties.

<u>REQUESTS</u>

1.

Please produce all statements or reports with regards to the incident in question.

2.

Please produce all videotapes, photographs, plats and drawings with regards to the incident in question.

3.

Please produce any incident report, memoranda, handwritten note or other documents or materials with regards to the incident in question.

4.

Please produce any videotape, photographs, report, data, memoranda, handwritten notes or other documents reviewed or generated by an individual with regards to the incident in question.

5.

Please produce any documents obtained through a request for production of documents or subpoena with regards to the incident in question.

6.

Please produce any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure for cleaning floors for Defendant.

7.

Please produce any and all policy and procedure manual given to Defendant's employees.

2

Copy from re:SearchGA

8.

Please produce any and all videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the Plaintiff or the incident in question.

9.

Please produce the payroll records for the Defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

10.

Please produce any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints made about the area where the incident occurred.

11.

Please produce any incident report or other report concerning the incident described in the Complaint.

12.

Please produce any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.

13.

Please produce any and all leases and contracts with outside contractors or agencies for performance of maintenance services in the area where the Plaintiff was injured.

Copy from re:SearchGA

14.

Please produce any and all e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the Plaintiff.

15.

Please produce any and all invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the past five (5) years.

16.

Please produce any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.

17.

Please produce all surveillance videos taken inside and outside of Defendant on the day of the incident.

18.

Please produce any and all maintenance records, work orders or other documents concerning the area where this incident occurred for the past five (5) years.

19.

Please produce any and all daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five (5) years.

20.

Please produce any and all invoices, receipts, change orders, work orders, spreadsheets, compute documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the Plaintiff was injured for the past five (5) years.

4

Copy from re:SearchGA

This the 2nd day of September 2021.

Respectfully submitted,

**MONGE & ASSOCIATES,**

*/s/ Rachel Deloach*
Rachel Deloach
Georgia Bar No. 144547
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(770) 741-0540
rachel@monge.lawyer

5

Copy from re:SearchGA